UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

In re:   Liliana Vanhoek                                    Case No.: 25-16643-CAP
                                                           Chapter 13

_____Debtor_____/

**DEBTOR'S EMERGENCY MOTION TO MODIFY CONFIRMED CHAPTER 13
PLAN, TO APPROVE FIRST MODIFIED CHAPTER 13 PLAN, AND FOR
TEMPORARY STAY OF FORECLOSURE SALE PROCEEDINGS**
(Emergency hearing requested from July 6 and before August 26, 2026, because the
Mortgage Creditor has filed a Motion to Reschedule Foreclosure Sale in the pending
Broward County foreclosure action and said Motion is set for hearing on August 26, 2026
at 9:15 a.m.)

COMES NOW, the Debtor, Liliana Vanhoek, by and through the undersigned

counsel and files this Motion to Modify Chapter 13 Plan and as grounds states as follows:

BACKGROUND

1.      On June 12, 2025, the instant case was filed.

2.      On December 22, 2025, Debtor's Sixth Amended Chapter 13 plan was

confirmed.

3.      Debtor owns and resides in the homestead real property located at 18763

NW 23rd Street, Pembroke Pines, Florida 33029 (the "Property").

4.      The Bank of New York Mellon as Trustee for CWABS, Inc. Asset-Backed

Certificates, Series 2007-2, through its servicer Select Portfolio Servicing,

Inc. (the "Mortgage Creditor"), filed Proof of Claim No. 7, asserting a

secured claim against Debtor's homestead Property.

5.      At the time of confirmation, Debtor was attempting to resolve the

mortgage default through an independent loan modification process with

the Mortgage Creditor and intended to maintain payments directly outside the Chapter 13 plan.

6. On or about September 6, 2025, Debtor filed an Objection to Claim No. 7, requesting that Claim No. 7 be allowed as filed without distribution from the Chapter 13 Trustee because Debtor was paying the claim directly and outside the plan. [ECF#38].

7. On November 21, 2025, the Court entered its Order Sustaining Objection to Claim of The Bank of New York Mellon / Select Portfolio Servicing, Inc. [ECF#66].

8. The Order Sustaining Objection to Claim provides that Claim No. 7 is allowed as filed without distribution from the Chapter 13 Trustee. [ECF#66].

9. On December 5, 2025, Debtor filed her Sixth Amended Chapter 13 Plan [ECF#68] (the "Confirmed Plan") treating the Mortgage Creditor as a direct-pay secured creditor outside the Chapter 13 plan.

10. On December 22, 2025, the Court entered its Order Confirming Chapter 13 Plan [ECF#71] (the "Confirmation Order").

11. Paragraph 4 of the Confirmation Order provides that if the plan does not provide for payments to a secured creditor, provides for surrender of the property securing the creditor's claim, or provides for direct payment of the secured creditor's claim outside the plan, then such creditor is granted in rem stay relief to pursue available state-court remedies against property securing the creditor's claim. [ECF#71].

12. Paragraph 4 of the Confirmation Order further provides that the filing of a motion to modify a plan does not operate as a stay of any action against property of the debtor which is not subject to the automatic stay absent further order of the Court. [ECF#71].

13. Debtor was unable to complete the anticipated mortgage modification and has been unable to maintain the post-confirmation direct mortgage payments outside the Chapter 13 plan.

14. The Mortgage Creditor has now returned to the pending Broward County foreclosure action and filed a Plaintiff's Motion to Reschedule Foreclosure Sale in Case No. CACE-24-015743 set for August 26, 2026.

15. The Mortgage Creditor's state-court motion expressly relies on the Confirmation Order and the Confirmed Plan, asserting that the Property was treated outside the bankruptcy and that in rem relief was granted upon confirmation.

16. Debtor now seeks to modify the Confirmed Plan to bring the homestead mortgage claim into the Chapter 13 plan, cure the arrearage through the Trustee, and maintain ongoing regular mortgage payments through the Trustee.

17. Contemporaneously with this Motion, Debtor is filing her First Modified Chapter 13 Plan (the "First Modified Plan").

18. The First Modified Plan proposes to treat the Mortgage Creditor's Claim No. 7 through the plan by curing the mortgage arrearage and maintaining the ongoing mortgage payments through the Chapter 13 Trustee.

19. The proposed plan modification is necessary to preserve Debtor's homestead, to prevent the state-court foreclosure process from proceeding to a rescheduled sale, and to allow Debtor an opportunity to reorganize under Chapter 13.

20. Debtor also acknowledges that the Chapter 13 Trustee served a Notice of Delinquency [ECF#79], asserting a plan-payment delinquency in the amount of $1,734.15 and providing a cure deadline.

21. To the extent any plan delinquency remains outstanding, Debtor requests that the delinquency be cured through the First Modified Plan or as otherwise directed by the Court, and Debtor requests that the Court find that extraordinary circumstances exist to permit consideration of the First Modified Plan in light of the imminent risk to Debtor's homestead.

22. Debtor seeks emergency relief because, unless this Court enters immediate temporary relief, the Mortgage Creditor may obtain a rescheduled foreclosure sale date before this Court can adjudicate the First Modified Plan and before Debtor can complete the proposed cure-and-maintain treatment.

BASIS FOR RELIEF

23. Section 1329 permits a debtor to modify a confirmed Chapter 13 plan after confirmation and before completion of payments under the plan.

24. Debtor seeks to modify the Confirmed Plan to increase the plan payment, alter the treatment of the Mortgage Creditor, and bring the homestead mortgage into the Chapter 13 plan.

25. The proposed modification is made in good faith and is necessary because Debtor's anticipated direct-payment and loan-modification treatment was not successful, and Debtor now seeks to preserve her homestead by curing the mortgage arrearage and maintaining ongoing mortgage payments through the Chapter 13 Trustee.

26. The First Modified Plan is Debtor's best opportunity to reorganize and save her homestead.

27. Furthermore, Section 1322(b)(5) permits a Chapter 13 plan to provide for the curing of any default within a reasonable time and maintenance of payments while the case is pending on a claim on which the last payment is due after the date on which the final payment under the plan is due.

28. Debtor's homestead mortgage is a long-term secured debt.

29. The First Modified Plan proposes to cure the arrearage owed to the Mortgage Creditor and maintain ongoing mortgage payments through the Trustee.

30. Debtor's proposed modification is consistent with Chapter 13's purpose of allowing debtors to cure defaults, maintain payments, and preserve their homes.

31. Temporary Relief Is Necessary Because the Confirmation Order Granted In Rem Relief and the Filing of This Motion Alone Does Not Stay State-Court Foreclosure Activity.

32. Debtor recognizes that the Confirmation Order granted in rem relief to the Mortgage Creditor because the Confirmed Plan treated the Mortgage Creditor as a direct-pay creditor outside the plan.

33. Debtor further recognizes that the Confirmation Order states that the filing of a motion to modify a plan does not operate as a stay of action against property which is not subject to the automatic stay absent further order of this Court.

34. For that reason, Debtor does not rely solely on the filing of this Motion to stop the state-court foreclosure proceedings.

35. Instead, Debtor requests that this Court enter an immediate temporary order staying, enjoining, or otherwise prohibiting the Mortgage Creditor, its servicer, its agents, and its counsel from rescheduling or conducting a foreclosure sale of the Property pending further order of this Court.

36. Temporary relief is necessary to preserve the status quo, prevent irreparable harm to Debtor's homestead, and preserve this Court's ability to determine whether the First Modified Plan should be approved.

37. Without temporary relief, the Mortgage Creditor may obtain a new foreclosure sale date before this Court can adjudicate Debtor's requested plan modification.

38. The loss of Debtor's homestead would cause direct, immediate, and substantial harm to Debtor and would materially impair Debtor's ability to reorganize.

39. Temporary relief is also appropriate under 11 U.S.C. § 105(a) to carry out the provisions of Chapter 13 and to preserve the Court's jurisdiction over Debtor's reorganization.

40. Also, Local Rule 9013-4 permits emergency treatment where direct, immediate, and substantial harm will occur to the interest of an entity in property, to the bankruptcy estate, or to a debtor's ability to reorganize if immediate relief is not obtained.

41. Here, the Property is Debtor's homestead.

42. The Mortgage Creditor has set its Motion to Reschedule Foreclosure Sale for hearing in state court on August 26, 2026.

43. The Mortgage Creditor is relying on the Confirmed Plan and Confirmation Order to proceed in state court.

44. If the state court grants the Mortgage Creditor's motion and reschedules the foreclosure sale, Debtor's homestead may be sold before this Court has an opportunity to consider the First Modified Plan.

45. Debtor therefore requests an emergency hearing and immediate temporary relief before August 26, 2026.

WHEREFORE, Debtor, LILIANA VANHOEK, respectfully requests that this Court enter an order:

A. Granting this Motion on an emergency basis;

B. Setting an emergency hearing before August 26, 2026, or as soon as the Court's calendar permits;

C.       Pending further order of this Court, temporarily staying, enjoining, or otherwise prohibiting The Bank of New York Mellon as Trustee for CWABS, Inc. Asset-Backed Certificates, Series 2007-2, Select Portfolio Servicing, Inc., Robertson, Anschutz, Schneid, Crane & Partners, PLLC, and their agents, employees, successors, assigns, and counsel from rescheduling, conducting, or otherwise proceeding with a foreclosure sale of Debtor's homestead property located at 18763 NW 23rd Street, Pembroke Pines, Florida 33029;

D.       Directing the Mortgage Creditor and its state-court counsel to continue, cancel, or take no further action on the state-court Motion to Reschedule Foreclosure Sale pending further order of this Court;

E.       Authorizing Debtor to proceed with the First Modified Chapter 13 Plan;

F.       Determining that Debtor may modify the Confirmed Plan to bring Claim No. 7 of The Bank of New York Mellon / Select Portfolio Servicing, Inc. into the Chapter 13 plan for cure of arrears and maintenance of ongoing mortgage payments through the Chapter 13 Trustee;

G.       Determining that, to the extent necessary, extraordinary circumstances exist to permit consideration of the First Modified Plan notwithstanding the Trustee's Notice of Delinquency;

H.       Granting such other and further relief as this Court deems just and proper.

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule 9013-1 and Local Rule 9013-4, undersigned counsel certifies that counsel has made or will make a bona fide effort to resolve the relief

requested herein without emergency hearing by contacting counsel for the Mortgage

Creditor and the Chapter 13 Trustee. Due to the pending August 26, 2026 state-court

hearing on the Mortgage Creditor's Motion to Reschedule Foreclosure Sale and the risk

of immediate and substantial harm to Debtor's homestead and ability to reorganize,

Debtor requires emergency relief if no agreement is reached.

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District

Court for the Southern District of Florida and I am in compliance with the additional

qualifications to practice in this Court as set forth in Local Rule 910(A).

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY,** that a true and correct copy of the foregoing was

sent via ECF to the Debtor's and Robin Weiner, Trustee and U.S. Mail on July 1, 2026

and to all parties on the service list.

Respectfully submitted:      **Jose A. Blanco, P.A.**
<u>July 1, 2026</u>      By: <u>*/s/ Jose A. Blanco*</u> | FBN: 062449
Attorney for Debtor(s)
102 E 49th ST
Hialeah, FL 33013,
Tel. (305) 349-3463
E-mail: jose@blancopa.com