UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

In re: Liliana Vanhoek

Case No.: 25-16643-CAP
Chapter 13

Debtor /

**DEBTOR'S EMERGENCY MOTION TO APPROVE MORTGAGE MODIFICATION AGREEMENT WITH THE BANK OF NEW YORK MELLON, AS TRUSTEE, THROUGH SELECT PORTFOLIO SERVICING, INC., AND SUPPLEMENT TO ECF#81**
**(Emergency consideration requested at the August 3, 2026 hearing on ECF#81)**

Debtor, LILIANA VANHOEK (the "Debtor"), requests entry of an order approving the Mortgage Modification Agreement offered by The Bank of New York Mellon as Trustee for CWABS, Inc. Asset-Backed Certificates, Series 2007-2, through its servicer Select Portfolio Servicing, Inc. (collectively, the "Mortgage Creditor"), with respect to the Debtor's principal residence located at 18763 NW 23rd Street, Pembroke Pines, Florida 33029 (the "Property"). This Motion supplements the relief requested in ECF#81 and states:

1. The Debtor filed this Chapter 13 case on June 12, 2025.
2. On November 21, 2025, the Court entered an Order sustaining the Debtor's objection to Claim No. 7 and allowing the Mortgage Creditor's claim as filed without distribution from the Chapter 13 Trustee because the claim was to be paid directly outside the Chapter 13 plan. [ECF#66].
3. On December 5, 2025, the Debtor filed her Sixth Amended Chapter 13 Plan, which treated the Mortgage Creditor as a direct-pay secured creditor outside the plan. [ECF#68]. The Court confirmed that plan on December 22, 2025. [ECF#71].

4. On July 1, 2026, because the Debtor's anticipated mortgage modification had not then been completed and the Mortgage Creditor was proceeding in the pending Broward County foreclosure action, the Debtor filed her Emergency Motion to Modify Confirmed Chapter 13 Plan and for Temporary Stay of Foreclosure Sale Proceedings. [ECF#81].
5. Contemporaneously with ECF#81, the Debtor filed a First Modified Chapter 13 Plan proposing to bring Claim No. 7 into the plan, cure the asserted mortgage arrearage, and maintain the ongoing mortgage payment through the Trustee. [ECF#82]. The First Modified Plan proposed a plan payment of $9,012.53 beginning in month 14.
6. After ECF#81 and ECF#82 were filed, the circumstances materially changed. On July 16, 2026, Select Portfolio Servicing, Inc. issued written approval of a final lien modification and transmitted a Lien Modification Agreement to the Debtor for execution.
7. The modification was negotiated directly between the Debtor and the Mortgage Creditor outside the Court's Mortgage Modification Mediation program. Accordingly, no referral order, MMM conference, or mediator's final report exists. This Motion follows the structure and requested relief of MMM-LF-14 (rev. 06/01/26) to the extent applicable to a directly negotiated agreement.
8. The Debtor executed and notarized the Lien Modification Agreement on July 30, 2026, within the time required by the Mortgage Creditor. A redacted copy of the approval letter and executed agreement is attached as Exhibit A.
9. The Lien Modification Agreement expressly acknowledges that the Debtor's personal liability on the note has been discharged, that the Mortgage Creditor retains an

enforceable lien against the Property, and that the Agreement does not constitute a reaffirmation of debt under title 11.

10. The material economic terms of the modification are:
    a. Total balance included in the modification: $977,766.05.
    b. Principal forgiveness: $255,301.14, resulting in a new principal balance of $722,464.91.
    c. Non-interest-bearing deferred principal: $38,028.67.
    d. Interest-bearing principal balance: $684,436.24.
    e. Initial interest rate: 2.000% beginning July 1, 2026, with a step to 3.000% beginning July 1, 2031.
    f. Initial monthly payment: $4,043.74, consisting of principal, interest, and escrow, beginning August 1, 2026. Escrow may change periodically.
    g. Modified maturity date: February 1, 2040, with a disclosed balloon payment of $510,062.84 on the interest-bearing principal, together with the deferred principal balance becoming due as provided in the Agreement.
11. The Debtor is tendering the first modified payment of $4,043.74 on July 31, 2026, before the stated August 1, 2026 due date.
12. The Agreement requires the Debtor, while in bankruptcy, to cooperate in obtaining any required bankruptcy court and Trustee approvals and provides that the modification may become null and void if required approvals are not obtained. Court approval is therefore necessary to effectuate and preserve the modification.

13. Under the Agreement, the Mortgage Creditor will prepare, countersign, record, or complete any additional documents required to effectuate the lien modification, other than motions or plans required to be filed in this bankruptcy case.
14. Concurrently with this Motion, the Debtor is filing her Second Modified Chapter 13 Plan. The Second Modified Plan restores the Mortgage Creditor to direct payment outside the plan, consistent with the confirmed treatment and the new modification, and substantially reduces the Trustee payment from the $9,012.53 proposed in ECF#82 to $626.50.
15. Because the First Modified Plan was premised on the absence of a completed modification and is no longer necessary or feasible, the Debtor requests that the Second Modified Plan supersede ECF#82 and that the Debtor not be required to remit the $9,012.53 payment stated in ECF#82 while the Second Modified Plan and this Motion are pending.
16. The new modification is in the best interests of the Debtor and creditors because it provides a substantially more affordable means to preserve the Debtor's homestead, provides significant principal forgiveness, capitalizes the prior mortgage default, and permits the Debtor to continue performing under a feasible Chapter 13 plan.
17. The Debtor does not withdraw the request in ECF#81 for temporary protection from foreclosure activity until the Mortgage Creditor confirms that the modification has become effective and the pending state-court request to reschedule the foreclosure sale has been withdrawn, continued, or otherwise resolved.

18. Undersigned spoke with counsel for the lender and was advised that the file was on a loss mitigation hold and thus the hearing would be cancelled; but as of the date of this filing, the hearing is still pending.

19. Emergency consideration at the previously scheduled August 3, 2026 hearing is necessary because the Trustee has advised that a $9,012.53 plan payment would otherwise be due on **Monday, August 3, 2026,** under ECF#82, even though the new agreement and the Second Modified Plan return the mortgage to direct payment outside the plan.

**WHEREFORE**, the Debtor respectfully requests that the Court enter an order:

a. Approving the Mortgage Modification Agreement between the Debtor and the Mortgage Creditor, subject to final acceptance and completion of any ministerial documentation required by the Mortgage Creditor;

b. Authorizing the Debtor, the Mortgage Creditor, and their agents to take any and all actions necessary to effectuate the Agreement;

c. Authorizing the Debtor to make the modified mortgage payments directly to Select Portfolio Servicing, Inc. outside the Chapter 13 plan;

d. Determining that the Second Modified Chapter 13 Plan supersedes the First Modified Chapter 13 Plan at ECF#82 and that the Debtor is not required to remit the $9,012.53 payment stated in ECF#82;

e. Directing that, pending final approval of the Second Modified Plan, the Debtor shall remit the undisputed interim Trustee payment required by the Second Modified Plan, or such other amount as the Court directs, and that the

Trustee shall not seek dismissal based solely on the Debtor's failure to pay $9,012.53 under superseded ECF#82;

f. Maintaining such *temporary* protection from foreclosure activity as the Court finds appropriate until the Mortgage Creditor confirms that the modification is effective and the state-court foreclosure-sale proceedings have been continued, withdrawn, or otherwise resolved;

g. Reserving jurisdiction to enforce the Agreement and the Court's order; and

h. Granting such other and further relief as justice and equity require.

**CERTIFICATE OF CONFERRAL**

Pursuant to Local Rules 9013-1 and 9013-4, undersigned counsel certifies that counsel has made a bona fide effort to confer with counsel for the Mortgage Creditor and the Chapter 13 Trustee regarding the relief requested herein on July 31, 2026 with Ryan Lumbreras, Esq. Because the August 3, 2026 hearing is already scheduled and the disputed $9,012.53 payment is asserted to be due on that date, the Debtor requests emergency consideration.

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY,** that a true and correct copy of the foregoing was sent via ECF to Robin Weiner, Trustee and Gisselle Velez, Esq. on July 31, 2026 and will be sent via USPS to all parties on the service list.

Respectfully submitted:
July 31, 2026

**Jose A. Blanco, P.A.**
By: */s/ Jose A. Blanco* | FBN: 062449
Attorney for Debtor(s)
102 E 49th ST
Hialeah, FL 33013,
Tel. (305) 349-3463
E-mail: jose@blancopa.com